**CAROLINA THROWING COMPANY, Inc., Appellant,**

v.

**S & E NOVELTY CORPORATION and Rome Knitting Mills, Appellees.**

**No. 15316.**

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1971.

Decided May 10, 1971.

**330**

Robert L. Bradley, Jr., Gastonia, N. C.
(Garland, Alala, Bradley, and Gray, Gastonia, N. C., on brief), for appellant.

Barney Stewart, III, Charlotte, N. C.
(Moore & Van Allen, Charlotte, N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

Review is sought of an order of the District Court staying the proceedings in this action pending arbitration.

Neither party has questioned the Court's jurisdiction to entertain the present appeal. There is a substantial doubt, however, that such an order constitutes an interlocutory injunction within the terms of 28 U.S.C. § 1292. That very issue is presently being prepared for argument before this Court in another case. Pending the hearing and decision in that case, it would be inappropriate to undertake to decide the unelucidated question in this case. The decision here need not await resolution of the jurisdictional question, however, since we agree with the District Court on the merits.

The plaintiff-appellant argues that no written contract containing an arbitration agreement was binding upon it so that the writing requirement of 9 U.S.C. § 2 was not satisfied.

The contract was initiated when the plaintiff was telephoned by a New York textile broker through whom it had previously done business. The broker inquired if the plaintiff was willing to prepare yarn for the defendant. After some negotiations through the broker, the parties arrived at mutually agreeable terms for the contract. These provisions were incorporated into a "Sales Note" written and signed by the broker and sent to each party. This Sales Note contained the arbitration clause under dispute. Over a period of six months, five more Sales Notes, reflecting some term changes, were executed by the broker and mailed to the parties. Neither party ever signed the notes in the space provided, but they continued to perform according to the terms of the written notes until a dispute arose over the quality of work performed. The plaintiff paid the broker a commission for securing the order.

There were also conversations between the parties by telephone, and Carolina Throwing contends that the only binding agreement arose out of such conversations and not out of the Sales Note.

The District Court concluded, and we think reasonably, that the broker was authorized to execute the Sales Notes for the plaintiff, thereby binding it to their written terms including the arbitration clause. A like result was reached in Matter of Huxley, 294 N.Y. 146, 61 N.E.2d 419.

Plaintiff instituted this suit in a state court during May of 1969. The defendant removed to federal court and filed an answer and counterclaim in June. A reply was filed in July. On September 1, the defendant applied for a stay pending arbitration. There had been no earlier move to refer the dispute to arbitration or to stay the judicial proceedings. The plaintiff asserts that the defendant's delay and its filing of an answer and counterclaim amount to a "default" which would serve to bar arbitration under 9 U.S.C. § 3. Such a default does not automatically result from a delay or from the filing of responsive pleadings. The proper rule was set out in Batson Y. & F. M. Gr., Inc. v. Saurer-Allma GmbH-Allgauer M., D.C.,

S.C., 311 F.Supp. 68. The Court observed, "The modern rule \* \* \* based on a liberal national policy favoring arbitration, seems to be that waiver or 'default' under the statute may not rest mechanically on some act such as the filing of a complaint or answer but must find a basis in prejudice to the objecting party." The District Court reasonably found that the delay here did not cause the plaintiff in this case any prejudice in any way.

Affirmed.