401 So.2d 1145 (1981)
MARTHAME SANDERS & COMPANY, a Foreign Corporation, Petitioner,
v.
400 WEST MADISON CORPORATION, a Florida Corporation, Norman E. Murphy and Sarah S. Murphy, Respondents.
No. 81-999.
District Court of Appeal of Florida, Fourth District.
July 22, 1981.
Rehearing Denied August 28, 1981.
Patricia H. Thompson of Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, P.A., Miami, for petitioner.
Bennett S. Cohn of Law Offices of Bennett S. Cohn, Lake Worth, for respondents.
MOORE, Judge.
By a petition for writ of certiorari, the petitioner seeks review of an order granting respondents' motion to compel arbitration and stay proceedings. The petitioner contends that the trial court erred in compelling arbitration because the respondents waived their right to arbitration by filing an answer to petitioner's complaint in the trial court and participating in the trial court proceedings. Certiorari is granted and the order compelling arbitration and staying further proceedings is quashed.
The petitioner commenced suit against the respondents in the circuit court in March, 1979. On April 4, 1979, the respondents filed their answer and counterclaim. Thereafter, the parties proceeded with discovery, including depositions, interrogatories, and document production. The first scheduled trial in May, 1980 was continued upon respondents' motion. In January, 1981, the trial was continued again because the court was unable to reach the case on its docket. On May 4, 1981, the third date on which the trial was scheduled to proceed, the respondents filed their motion for stay and to compel arbitration. The granting of this motion is the subject of these certiorari proceedings.
As this Court stated in King v. Thompson & McKinnon, Auchincloss, Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1978),
[R]epudiation of an arbitration clause by a defendant, in the form of an answer to the complaint without demand for arbitration constitutes an abandonment of the right to arbitration and consent to submission of the controversy to the courts. (Citations omitted).
Accordingly, the respondents here have waived their right to arbitration.
We specifically reject the respondents' contention that they could not have waived their right to arbitration because they were not aware of the contractual provision providing for arbitration until May 1, 1981. The contract attached to the *1146 complaint, which the respondents accept as true in their response to the petition for writ of certiorari, demonstrates that respondents acknowledged, by initial, the general conditions pertaining to the construction contract. The general conditions contained the provision for arbitration. The respondents must be assumed to have known, and are charged with knowledge, of the provisions incorporated into the contract they executed.
A writ of certiorari is granted and the trial court's order staying proceedings and compelling arbitration is quashed.
LETTS, C.J. and BERANEK, J., concur.