SMITH, Chief Judge,
dissenting.
I would find no showing of abuse of discretion by the trial court in ruling that the venue provision found in the contract between Reflectone and Druhill is not binding with respect to disputes between Dru-hill and RSH arising under their separate contract. There is no language in the Druhill/RSH contract specifically incorporating the venue provision, nor is there a general “incorporation by reference clause” that clearly manifests an intent to bind RSH to the venue provision in the Reflectone contract. I would hold that it was not clearly erroneous for the trial court to view Article 16.2 (quoted in the majority opinion) — which merely identifies (“enumerates,” in the language of the contract) the Reflectone/Druhill contract as one of the “Contract Documents” — as too nebulous to construe as incorporating the venue provision by reference. Unlike the contracts in the cases relied upon by appel-lee, Marthame Sanders & Co. v. 400 West Madison Corp., 401 So.2d 1145 (Fla. 4th DCA 1981), and Frank J. Rooney, Inc. v. Charles W. Ackerman of Fla., Inc., 219 So.2d 110 (Fla. 3rd DCA 1969), writ discharged, 230 So.2d 13 (Fla.1969), there is no language or provision in the Druhill/RSH contract that depends for meaning or interpretation upon the venue provision in the Reflectone/Druhill contract. Since there is no express “venue” provision in the RSH contract, and no general all-inclusive assumption by RSH of provisions such as the one on venue found in the Reflectone contract, the agreement between Druhill and RSH can fairly be interpreted as silent on the venue issue, and venue is governed by statute.