PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PATTEN GRADING & PAVING,
INCORPORATED,

          *Plaintiff-Appellee,*

    v.

SKANSKA USA BUILDING,
INCORPORATED, formerly known as
Beers Skanska, Incorporated,
formerly known as Beers York
Construction Company,
Incorporated; AMERICAN HOME
ASSURANCE COMPANY,

          *Defendants-Appellants.*

No. 03-2247

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CA-03-189-8-20)

Argued: June 3, 2004

Decided: August 18, 2004

Before WIDENER and DUNCAN, Circuit Judges,
and Louise W. FLANAGAN, United States District Judge
for the Eastern District of North Carolina,
sitting by designation.

_____

Reversed and remanded by published opinion. Judge Duncan wrote
the majority opinion, in which Judge Flanagan joined. Judge Widener
wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Jonathan D. Crumly, Sr., ALSTON & BIRD, Atlanta, Georgia, for Appellants. Theodore Sanders Stern, Jr., COVINGTON, PATRICK, HAGINS, STERN & LEWIS, P.A., Greenville, South Carolina, for Appellee. **ON BRIEF:** J. Andrew Howard, ALSTON & BIRD, Atlanta, Georgia, for Appellants.

---

**OPINION**

DUNCAN, Circuit Judge:

Skanska USA Building, Inc. and American Home Assurance Co., Inc. (collectively "Skanska") appeal the district court's order denying Skanska's motion to compel arbitration in a civil action filed by Patten Grading & Paving, Inc. ("Patten"). In its complaint, Patten alleged that Skanska breached their subcontract agreement by failing to pay Patten for grading work on a construction project Skanska managed. Skanska sought to compel arbitration based on a clause in the agreement that required Patten to submit any claims arising thereunder to arbitration. The district court denied Skanska's motion, finding that Skanska's participation in the action up to that point constituted a waiver of the arbitration provision. Because we conclude the record here does not support such a finding, we reverse and remand.

I.

The underlying facts are not in dispute. Skanska is the successor-in-interest to the original contractor for a renovation project at the Blue Ridge Middle School in Greer, South Carolina, that began in June 2000. The original contractor retained Patten to perform the grading and site utility work specified in the renovation plans. Although Patten's work was to be completed by August 1, 2001, Patten asserted that project delays attributable to the general contractor both prevented it from meeting this deadline and resulted in additional expenses for Patten. When the renovation was completed in early 2002, Skanska refused to pay Patten additional amounts Patten claimed were due. Patten mailed a demand letter to Skanska in Octo-

ber 2002 and filed the underlying complaint in South Carolina state court on December 18, 2002.

Invoking 28 U.S.C. § 1441, Skanska removed Patten's action to federal court the following month and filed its answer. The parties thereafter exchanged written discovery, including interrogatories and requests for production of documents. In July 2003, Patten acknowledged during discovery that a rider to the subcontract agreement it entered into with Beers York Construction Co., Skanska's predecessor-in-interest, required that any claims arising under the subcontract be submitted to arbitration. The parties also participated in court-ordered mediation, which ended unsuccessfully in August 2003. Although the district court had directed that discovery end on August 17, 2003, Patten sought and received permission to file an amended complaint adding an additional claim, prompting the district court to reopen discovery and extend the discovery period to mid-September.

By motion on August 19, 2003, Skanska requested a stay of proceedings and an order compelling Patten to submit its claims to arbitration. In support, Skanska noted Patten's acknowledgment of the rider requiring Patten to submit any claims arising under the contract to arbitration.[1] The district court denied Skanska's motion, finding

---

[1]The General Conditions to Subcontract Agreement rider to Patten's subcontract agreement with Skanska stated that

> any controversy or claim . . . between [Skanska] and [Patten] with respect to any matter or thing related to the Contract . . . shall be decided as follows:
>
>> (i) [Patten] shall be bound conclusively by and abide by [Skanska's] decision, unless [Patten] shall commence arbitration proceedings as hereinafter provided.
>>
>> (ii) If [Patten] decides to appeal from the decision of [Skanska], then this controversy shall be decided by arbitration . . . ; provided, however, that arbitration proceedings shall be commenced by [Patten] not later than 30 days following receipt of notice of [Skanska's] decision, otherwise . . . [Patten] shall be deemed to have waived its rights to have the controversy or claims decided by arbitration (as provided

that Skanska's participation in litigation amounted to a waiver of its contractual right to have Patten's claims submitted to arbitration. Specifically, the court noted that the action had been proceeding for over eight months and that the parties had "engaged in discovery, participated in mediation, and had a motion decided before the court." J.A. 239. The district court further noted that "because Patten ha[d] . . . expended [$5862.52] to prosecute its case, compelling arbitration would result in actual prejudice to Patten," a conclusion it found to be reinforced by the fact that Patten would have to pay "a substantial initial fee to engage the American Arbitration Association" if Skanska's motion were granted. *Id.* Skanska appeals the district court's order, which we have jurisdiction to consider pursuant to 9 U.S.C. § 16(a). *See Stedor Enters., Ltd. v. Armtex, Inc.*, 947 F.2d 727, 730 (4th Cir. 1991).

## II.

Although the underlying factual findings of the district court are entitled to deference, the decision to deny Skanska's motion for stay and to compel arbitration is reviewed de novo. *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 250 (4th Cir. 2001).

The rights and responsibilities of the parties with respect to the arbitration agreement are governed by the Federal Arbitration Act, *codified at* 9 U.S.C. §§ 1-16 ("FAA").[2] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The primary substantive provision of the FAA, § 2, declares that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

---

> herein), to have waived any right that it may have to institute an action or proceeding in any state or federal court or tribunal, and to have waived its right to recovery for any claim associated with the particular controversy.

J.A. 197.

[2]The district court specifically found, and the parties acknowledge in their arguments on appeal, that the FAA applies to the contract in this case, and that the contract contains a valid and binding arbitration agreement.

contract." 9 U.S.C. § 2. As a result of this federal policy favoring arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself *or an allegation of waiver, delay, or a like defense to arbitrability*." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25 (emphasis added).

To further facilitate arbitration, the FAA authorizes a party to an arbitration agreement to demand a stay of proceedings in order to pursue arbitration, "provid[ed] the applicant for the stay is not in default" of that right. 9 U.S.C. § 3. Such default or waiver arises when the party seeking arbitration "so substantially utiliz[ed] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985). However, in concert with other circuits, we have consistently held that because of the strong federal policy favoring arbitration "we will not lightly infer the circumstances constituting waiver." *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996). The party opposing arbitration on the basis of waiver thus bears a "heavy burden." *MicroStrategy*, 268 F.3d at 251 (internal quotations omitted); *Am. Recovery Corp.*, 96 F.3d at 95. With the framework of the FAA and applicable case law in mind, we turn to an analysis of the facts presented here.

Patten argues on appeal that the district court properly found that Skanska waived its right to invoke arbitration, as Skanska's substantial utilization of the litigation machinery would prejudice Patten. In support of this general position, Patten points to (1) Skanska's failure to raise the arbitration clause as an affirmative defense in its answer and the resulting delay in seeking arbitration, (2) the extent of Skanska's participation in pre-trial activity during that delay, (3) the imminence of trial at the time Skanska filed its motion to compel arbitration, (4) Skanska's participation in court-ordered mediation, and (5) the fact that Patten had incurred $5948.06 in litigation-related expenses and would allegedly face approximately $8500.00 in arbitration fees if compelled to arbitrate. We address each contention in turn.

A.

Patten first argues that the delay of almost eight months between the filing of Patten's complaint and Skanska's motion to compel arbitration — including Skanska's failure to assert the right to compel arbitration as an affirmative defense in its answer — constitutes a default under § 3 of the FAA.[3] We disagree.

Preliminarily, we question Patten's assertion that eight months is the appropriate time frame to consider in making a determination of waiver here. Throughout these proceedings, Skanska has explained its delay by noting that it was the successor-in-interest to the original contractor for the Blue Ridge Middle School project, and that due to the manner in which it succeeded the original general contractor, it only learned of the precise terms of Patten's subcontract agreement (including the arbitration provision) as discovery unfolded. Significantly, Patten does not contest Skanska's proffered explanation. Indeed, rather than attempting to demonstrate that Skanska was actually or constructively aware of the rider *ab initio*,[4] Patten argues only

---

[3]Although Patten does not formally make the following distinction, under Federal Rule of Civil Procedure 8(c), Skanska's failure to invoke the arbitration clause in its answer to Patten's complaint arguably constitutes a waiver of that right, and thus an issue that is seemingly distinct from whether Skanska's participation in the litigation during the resulting delay in asserting that right amounts to a default under the FAA. However, it is well established that an affirmative defense is not waived absent unfair surprise or prejudice. *See, e.g., S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 373-74 (4th Cir. 2003). Because both rules require a showing of prejudice, we do not consider these to be distinct issues. *Cf. MicroStrategy*, 268 F.3d at 249 (noting "this principle of 'default' [in the FAA] is akin to waiver" (internal quotations omitted)).

[4]Toward that end, Patten cites *Breckenridge v. Farber*, 640 So. 2d 208 (Fla. Dist. Ct. App. 1994), and *Marthame Sanders & Co. v. 400 West Madison Corp.*, 401 So. 2d 1145 (Fla. Dist. Ct. App. 1981), for the proposition that a party to a contract is charged with an awareness of its terms. However, neither case relies on South Carolina contract law, and neither applies that rule to a successor-in-interest. 640 So. 2d at 211; 401 So. 2d at 1145-46. Accordingly, we decline to charge Skanska with constructive knowledge of Patten's subcontract agreement.

that Skanska was certainly aware of the rider and arbitration clause as of May 29, 2003, when it requested Patten's admission that the rider applied to the subcontract agreement.

Given these facts, we find it inappropriate to charge Skanska with the full eight months that Patten's action was pending before the district court. In light of Patten's failure to contest Skanska's proffered explanation, we find that the delay properly attributable to Skanska should be measured, at the earliest, from May 29, 2003, *cf. Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997) (recognizing that pertinence of affirmative defense may arise only after discovery, and that the defendant's proper recourse is a timely assertion of that defense). As Skanska moved to compel arbitration on August 19, 2003, the delay properly attributable to it is no more than four months.

We have previously concluded that delays of such length, without more, are insufficient to demonstrate a party's waiver of its right to arbitration, *Maxum Founds.*, 779 F.2d at 982 (finding no prejudice in a delay of three months); *In re Mercury Constr. Corp.*, 656 F.2d 933, 939 (4th Cir. 1981) (same); *Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F.2d 329, 330 (4th Cir. 1971) (same), and Patten offers no reason to distinguish these holdings. Skanska acted relatively promptly after confirming the applicability of the arbitration provisions.[5] Nothing in this record suggests that Skanska's delay, in and of itself, is sufficient to meet Patten's "heavy burden" of demonstrating prejudice, and Patten, apart from conclusory allegations, fails to identify any consideration supporting such a conclusion. Accordingly, we find no prejudice in the length of the delay itself.

---

[5]Even if we were to credit Patten's argument that the delay was of eight months duration, we are not persuaded a delay of such length would suffice to establish prejudice. *See Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985) (noting a defendant's delay "in seeking arbitration during approximately eight months of pretrial proceedings is insufficient" to demonstrate prejudice absent additional considerations).

B.

Patten's second allegation of prejudice concerns the extent of the parties' pre-trial activities. Patten correctly notes that along with delay, the extent of the moving party's trial-oriented activity is a material factor in assessing a plea of prejudice. *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987). However, as is the case with delay, the movant's participation in litigation activity alone will not suffice, as the dispositive question "'is whether the party objecting to arbitration has suffered *actual prejudice*.'" *MicroStrategy*, 268 F.3d at 249 (quoting *Fraser*, 817 F.2d at 252).

Patten notes that Skanska filed an answer containing affirmative defenses, engaged in discovery, and responded to motions. However, we have previously held that a party's filing of minimal responsive pleadings, such as an answer or compulsory counter-claim, are not necessarily inconsistent with an intent to pursue arbitration. *Cf. Carolina Throwing*, 442 F.2d at 330 (affirming stay pending arbitration where movant had filed both an answer and counter-claim). Significantly, Patten offers no additional facts or assertions to demonstrate why the required pleadings filed by Skanska are distinguishable, and makes no showing of prejudice arising from this aspect of Skanska's pre-trial activity.

Likewise, we find no prejudice arising from the subsequent pre-trial activity. While the district court resolved three motions prior to Skanska's attempt to compel arbitration, none were filed by Skanska and none addressed the merits of any of Patten's claims. *See, e.g.*, *Am. Recovery Corp.*, 96 F.3d at 95 (noting "delay and the extent of the *moving* party's trial-oriented activity are material factors in assessing a plea of prejudice" (emphasis added) (internal quotations omitted)); *Fraser*, 817 F.2d at 252 (finding prejudice arising from the fact that non-movant "had to respond to a number of potentially damaging motions, including a motion for partial summary judgment and three motions to dismiss"). We are unwilling to include activity that the moving party did not initiate in assessing that party's default.

Patten's effort to demonstrate prejudice arising from the discovery conducted in this case is equally unavailing. We have previously held

that the party seeking arbitration will not "lose its contractual right by prudently pursuing discovery in the face of a court-ordered deadline." *Am. Recovery Corp.*, 96 F.3d at 96 (internal quotations omitted). At the time of Skanska's motion to compel arbitration, the parties' discovery efforts were confined to the exchange of interrogatories and requests for production of documents; significantly, the parties had not noticed depositions. *See MicroStrategy*, 268 F.3d at 254 (finding that limited deposition of a non-movant, "without a showing of actual prejudice," insufficient to demonstrate waiver). The minimal nature of the discovery conducted in this case falls well within the scope of discovery we have previously found insufficient to establish prejudice. Further, Patten fails to demonstrate that Skanska availed itself of discovery procedures unavailable in arbitration, or gained a strategic advantage through its discovery requests. *See Maxum Founds.*, 779 F.2d at 983 (affirming stay where movant "received no benefit from discovery initiated by it before it sought dismissal in favor of arbitration"); *See Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 26 (2d Cir. 1995) (finding no prejudice to non-movant where it had "divulged no significant information in discovery"). Because the written discovery conducted here was limited, the parties had not proceeded with time-consuming and expensive depositions, and Patten demonstrates no resulting disadvantage, we find Patten has not carried its "heavy burden" of establishing that it was prejudiced by the pre-trial activity conducted prior to Skanska's motion to compel arbitration.

## C.

Patten's third assertion of prejudice relies on the imminence of the scheduled trial date at the time Skanska filed its motion to compel arbitration. Citing *Leadertex*, Patten asserts that Skanska's motion to compel arbitration "less than three months prior to the scheduled trial date," Appellee's Br. at 6, supports a finding of waiver. However, the imminence of trial is not itself a sufficient basis from which to demonstrate prejudice. Instead, the proximity of trial serves only as a convenient proxy by which to measure the extent of the parties' respective pre-trial efforts, and thus whether the movant has "so substantially utiliz[ed] the litigation machinery that to . . . permit arbitration would prejudice the party opposing the stay." *Maxum Founds.*, 779 F.2d at 981. Indeed, *Leadertex* implicitly recognizes this distinc-

tion, citing *Com-Tech Assocs. v. Computer Assocs. Int'l., Inc.*, 938 F.2d 1574, 1576-77 (2d Cir. 1991)), for the proposition that the proximity of trial may, *when coupled with* defendants' full participation in discovery, support a finding of waiver. *Leadertex*, 67 F.3d at 25.

As explored above, the pretrial activity here was minimal, particularly when compared to other fact patterns on the basis of which we have found no waiver. In the absence of a significant resort to the machinery of litigation, the mere proximity of the scheduled trial date will not itself suffice to demonstrate prejudice.

### D.

Patten's fourth allegation of prejudice addresses Skanska's participation in pre-trial mediation ordered by the district court. As indicated above, we have previously declined to create a rule that would require a party seeking arbitration to "avoid a finding of default by ignoring court-ordered discovery deadlines and assuming the risk that its motion under the Federation Arbitration Act will be unsuccessful." *Maxum Founds.*, 779 F.2d at 982. We find this reasoning to be equally applicable in the context of court-ordered mediation. Patten has neither offered a basis to support a contrary rule nor satisfied its heavy burden of substantiating how it was prejudiced by Skanska's participation in court-ordered mediation on these facts.

### E.

Finally, the crux of Patten's claim of prejudice is that it incurred $5862.52 in pre-litigation costs, and that it would have to pay an arbitration fee if compelled to arbitrate. These assertions involve different considerations, which we address separately.

With regard to pre-trial litigation expenses, we note that at least one circuit has concluded that incurring the legal expenses inherent in litigation is, without more, "insufficient evidence of prejudice to justify a finding of waiver," *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997). However, we need not reach such a conclusion here, where the fee amount is, as explored below, minimal.

Although Patten asserts that the $5862.52 it has spent in legal fees is prejudicial, closer scrutiny of that total indicates that the amount properly attributable to Skanska's conduct during the delay in seeking arbitration is, in fact, much smaller. In the $5862.56 total, Patten included its state court filing fees, document reproduction and Federal Express costs, $810 for a mediator, and over $2000 attributable to its response to a subpoena from the local school district. Such costs are sums that Patten would have incurred irrespective of the timing or the fact of Skanska's motion to compel arbitration, and Patten offers no argument to the contrary. It has therefore failed to advance any facts that would meet its "heavy burden" of showing prejudice.

We further conclude that the contractual obligation of a non-moving party to pay an arbitration fee may not serve as the basis of a finding of waiver. This is a cost that Patten agreed to incur as a contractual matter if it wanted to contest an issue arising under the sub-contract agreement, and therefore not a valid consideration in assessing its claim of prejudice. *See Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 698 (9th Cir. 1986) ("This wound was self-inflicted. The Fishers were parties to an agreement making arbitration of disputes mandatory. . . . Any extra expense incurred as a result of the Fishers' deliberate choice of an improper forum, in contravention of their contract, cannot be charged to Becker.").

Moreover, Patten again fails to sustain its burden of proof even as to this expense. The record is devoid of any evidence from which we can ascertain the extent of the fees Patten would incur by proceeding to arbitration, if any. Patten's attempt to demonstrate actual prejudice based on the costs it has incurred thus far (or may in the future) is therefore inadequate.

## III.

Having found each of the individual factors advanced by Patten in an effort to demonstrate prejudice to be insufficient, we are further unpersuaded that they suffice when considered collectively. Our decision in *MicroStrategy* is instructive on the extent to which delay and the movant's pre-trial activity may, when considered collectively, suffice to demonstrate prejudice. Prior to filing its motion to compel arbitration, the movant in *MicroStrategy* had engaged in what the dis-

trict court described as a "'remarkably aggressive' course of litigation." 268 F.2d at 248. MicroStrategy's activities included filing three separate actions against its former employee and her attorney, deposing the employee, successfully seeking the seizure of documents from the employee that it alleged contained trade secrets, and conducting written discovery (including requests for documents from third parties), all during a four month period. While agreeing with the district court's characterization of MicroStrategy's conduct and even accepting the "strong argument" that it was undertaken "for the sole purpose of wearing [the employee] out," we nevertheless declined to hold that MicroStrategy had waived its contractual right to demand arbitration as a result. *Id.* at 254. Given the comparatively restrained pre-trial activity engaged in by Skanska, the strong policy favoring arbitration, and the heavy burden borne by the non-movant, we cannot conclude that Patten has made the requisite showing of prejudice.

IV.

For the foregoing reasons we find that the district court erred in denying Skanska's motion to compel arbitration, and the order appealed from is

*REVERSED AND REMANDED.*

WIDENER, Circuit Judge, Dissenting:

I respectfully dissent.

I would affirm the judgment of the district court on its opinion, the reasons for which are summarized in the last full paragraph of its opinion, as follows:

> In this case, the court finds that Patten has sufficiently demonstrated that Skanska has waived its right to compel arbitration. This case was filed over eight months ago, and the parties have substantially utilized the court in this case. As stated above, the parties have engaged in discovery, participated in mediation, and had a motion decided before the court. Regardless whether these factors alone would be suf-

ficient for the court to find Skanksa [sic] waived its right to compel arbitration, the court finds that because Patten has thus far expended Five Thousand Eight Hundred Sixty-Two Dollars and Fifty-Two Cents ($5,862.52) to prosecute its case, compelling arbitration would result in actual prejudice to Patten. This prejudice is highlighted by the fact that Patten represents to the court it would be required to pay a substantial initial fee to engage the American Arbitration Association. Although the court is aware of the federal policy favoring arbitration, in this case the court finds that denial of Skanska's motion to compel arbitration is appropriate based on the facts discussed above. (footnote omitted)