**SHEARLINE BOATWORKS, LLC, Plaintiff,**

v.

**Peter Alvin TROST, III, Defendant.**

**No. 4:11–CV–71–BO.**

United States District Court, E.D. North Carolina, Eastern Division.

Sept. 22, 2011.

Russell Clayton Alexander, Wesley A. Collins, Harvell & Collins, P.A., Morehead City, NC, for Plaintiff.

Donalt J. Eglinton, Jason Trent Strickland, Ward and Smith, P.A., New Bern, NC, for Defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on Plaintiff's Motion to Stay Proceedings and Motion to Compel Arbitration [DE 8]. Plaintiff Shearline Boatworks, LLC ("Shearline") filed the instant motion on May 17, 2011. Defendant Peter Alvin Trost, III responded on June 27, 2011 [DE 21].

## BACKGROUND

On December 20, 2006, Shearline and Mr. Trost entered into a contract ("first contract") whereby Shearline would construct a fifty-two foot sport fishing vessel ("vessel") for Mr. Trost. That contract included an arbitration clause at Section 16, which contained the following language:

> Any dispute arising out of this Contract or the application of any provisions thereof shall be submitted to an arbitrator or arbitrators not interested in the financial aspects of this Contract. The parties may agree on one arbitrator, or may select one each and these two shall select a third. It is mutually agreed that any such arbitration award shall be binding and at the same weight as legal adjudication of any differences between the parties. All arbitration must take place in Carteret County North Carolina. The costs of the arbitration shall be shared equally by the parties unless otherwise ordered by the arbitrator(s).

Over the course of the next three and a half years, Shearline continued to work on the vessel. On June 1, 2010, Shearline and Mr. Trost entered into a second contract ("second contract"), which adjusted the total estimated cost of completion of the vessel. The arbitration clause in the second contract was identical to that in the first contract. On March 28, 2011, Mr. Trost moved the vessel to Jarrett Bay Boatworks, Inc. ("Jarrett Bay") for completion and terminated Shearline's employment under the contracts.

On April 13, 2011, Shearline filed an Action to Regain Possession of a Vessel ("complaint") against Mr. Trost for breach of contract and assertion of a possessory lien in the North Carolina General Court of Justice, Small Claims Division of Carteret County, North Carolina (*Shearline Boats, LLC v. Peter Alvin Trost, III and*

*wife, Linda Trost,* File No. 11–CVM–244). In anticipation of the initial magistrate's hearing, counsel for Shearline emailed a discovery request to counsel for Mr. Trost.

On May 6, 2011, Mr. Trost filed a motion to remove the matter to federal court on the basis of diversity jurisdiction. He also filed a counterclaim against Shearline for breach of contract and discharge of possessory lien. Ms. Trost was later voluntarily dismissed from the case because she had not signed the underlying contract. In an email to counsel for Mr. Trost, Shearline's counsel sought to invoke arbitration for the first time on May 11. On May 17, Shearline filed the instant Motion to Stay Proceedings and Motion to Compel Arbitration.

Shearline contends that Mr. Trost owes it nearly $100,000 pursuant to the terms of the contract. Mr. Trost contends that he owes nothing to Shearline and that Shearline owes Mr. Trost for breach of contract claims relating to overcharge, delayed construction, and substandard construction. Shearline filed an amended Answer on June 27 [DE 20]. As of the date of this Order, no discovery has taken place.

## DISCUSSION

 Neither party contests that the Federal Arbitration Act ("FAA") governs the contract at issue in this case. Section 4 of the FAA provides that "a party aggrieved" by the failure or refusal of another to arbitrate under a written agreement for arbitration is entitled to an order of the court compelling arbitration on the court's satisfaction that "the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Section 3 of the FAA states that a party "may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." *Maxum Founds., Inc. v. Salus Corp.,* 779 F.2d 974, 981 (4th Cir.1985); *see* 9 U.S.C. § 3. Importantly, although these remedies are often invoked by defendants in response to litigation, the FAA is not party-specific. Rather, "any party aggrieved" is entitled to a court order compelling arbitration unless the formation or breach of the clause is in issue or the party seeking the order is in default. Courts speak of default and waiver of the right to arbitrate interchangeably. *See, e.g., Maxum,* 779 F.2d at 981–82.

 Here, Mr. Trost does not dispute the existence of the arbitration clause, nor does he contend that he submitted to arbitration. Mr. Trost asserts only that Shearline is in default, and therefore is not entitled to an order to compel arbitration. The circumstances giving rise to a statutory default are limited and, in light of the federal policy favoring arbitration, are not to be lightly inferred. *Id.* at 981. Default occurs when a party has "so substantially utiliz[ed] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Id.* Default does not occur merely by commencing or pursuing litigation, or by engaging in or completing discovery. *Blumenthal–Kahn Elec. Ltd. v. American Home Assur. Co.,* 236 F.Supp.2d 575, 584 (E.D.Va.2002); *see also Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 817 F.2d 250, 252 (4th Cir.1987).

 In determining whether a party has defaulted on its right to compel arbitration, the Court considers (1) delay in seeking arbitration, (2) the extent of the moving party's trial-oriented activity, and (3) the extent to which the non-moving party would be prejudiced by granting a motion to compel arbitration. *MicroStrategy, Inc. v. Lauricia,* 268 F.3d 244, 250–51 (4th Cir.2001). In this case, although

Shearline initiated the action by filing a complaint in state court, this litigation is still in its infancy. Shearline filed the instant motion to compel just over one month after it filed its complaint in state court. At the time of filing this motion, only the complaint, notice of removal, counterclaim, and motion to dismiss Ms. Trost had been filed. Mr. Trost removed the case to federal court and filed a counterclaim against Shearline on May 6. Shearline responded to the counterclaim and sought a stay and order compelling arbitration eleven days later, on May 17. Previous cases have held that a delay of one month or longer after filing of the complaint is "relatively short" and does not defeat a motion to compel arbitration. *See id.* at 250; *Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F.2d 329, 330 (4th Cir.1971) (delay of three to four months is not unreasonable).

█ A party opposing arbitration has the burden of showing that it would be prejudiced by the court's order to compel arbitration. This burden to demonstrate prejudice is a heavy one. *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir.1996). Courts have held that a party opposing arbitration may be prejudiced by granting a motion to compel arbitration when a party has made use of and participated in discovery. *Maxum*, 779 F.2d at 982. Here, Mr. Trost has alleged that actual prejudice to him resulted because (1) he incurred legal fees responding to the lien and Complaint filed by Shearline in state court, (2) he prepared for and incurred cost of preparing for a state court hearing scheduled in an extremely short time frame, (3) he incurred legal fees to determine if he had the right to remove this case and if removal was advisable, (4) he incurred a filing fee to remove his case, (5) he analyzed and addressed Shearline's discovery request, (6) he and his wife had to incur time and expense of analyzing Shearline's claims against Ms. Trost and developing a defense, and (7) he has had to reveal his overall theory and strategy for his defenses and claims in advance of any arbitration that might be compelled [DE 21 at 14, 15]. However, given that discovery in this action has not yet begun, the Court finds that Mr. Trost has not met his burden of proving prejudice. *See Maxum*, 779 F.2d at 983. Any work that he has done with his lawyers in preparing for litigation will be equally necessary in arbitration. Those costs were not incurred for naught.

Because Shearline did not unreasonably delay its request for arbitration, it did not unreasonably avail itself of trial-oriented activity, and arbitration would not prejudice Mr. Trost, the parties will be held to their agreement to arbitrate disputes arising under their contracts.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Stay Proceedings and Motion to Compel Arbitration [DE 8] is GRANTED.