UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

HASCO, INCORPORATED; HAROLD A.
SNEDDON,
Plaintiffs-Appellees,

v.

No. 97-2618

SCHUYLER, ROCHE & ZWIRNER, a
professional corporation;
MICHAEL B. ROCHE; L.  ANDREW
BREHM,
Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-97-625)

Argued: June 4, 1998

Decided: September 22, 1998

Before WILKINSON, Chief Judge, MURNAGHAN, Circuit Judge,
and SMITH, United States District Judge
for the Eastern District of Virginia,
sitting by designation.

_____

Reversed by unpublished per curiam opinion.

_____

COUNSEL

ARGUED: Peter Bedford King, HENDRICKSON & LONG,
P.L.L.C., Charleston, West Virginia, for Appellants. Robert A. Gold-

berg, KING, ALLEN, GUTHRIE & MCHUGH, Charleston, West Virginia, for Appellees. **ON BRIEF:** Jeffry H. Hall, HENDRICK-SON & LONG, P.L.L.C., Charleston, West Virginia; Michael F. Bruan, SCHUYLER, ROCHE & SWIRNER, Chicago, Illinois; Ancil G. Ramey, Daniel R. Schuda, STEPTOE & JOHNSON, Charleston, West Virginia, for Appellants. Blake O. Brewer, KING, ALLEN, GUTHRIE & MCHUGH, Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Here we face a case in which the appellants, the law firm of Schuyler, Roche, & Zwirner, and two attorneys associated with that firm (collectively, "SRZ"), seek to enforce an arbitration clause contained in a retention agreement executed by Hasco, Inc. ("Hasco"). After Hasco and Harold A. Sneddon filed suit against SRZ, SRZ moved to stay or dismiss the action pending arbitration. The district court denied SRZ's motion, holding that SRZ had waived its right to arbitration by pursuing a fee collection suit against Sneddon in Illinois state court.

We have jurisdiction of SRZ's appeal from that order under 9 U.S.C. § 16(a)(1) and 28 U.S.C. § 1291. The district court's conclusions regarding arbitrability, including the question whether SRZ has waived the right to compel arbitration, are reviewed de novo. American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 91, 95 n.2 (4th Cir. 1996); Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250, 251 (4th Cir. 1987). Because we conclude that Hasco and Sneddon have failed to demonstrate prejudice as a consequence of SRZ's pursuit of the fee collection suit, we reverse. Finding no merit to Hasco and Sneddon's other objections to arbitration, we remand the case to the district court with instructions that it be stayed pending arbitration.

2

I

In the fall of 1994, SRZ agreed to represent Hasco and several individuals in a lawsuit filed against First Options of Chicago, Inc., in West Virginia state court. In connection with that representation, Hasco executed a retention agreement with SRZ which contained the following arbitration clause:

> It is SRZ's policy to discuss and to attempt to resolve fairly any concerns its clients may have concerning the billings provided to them, or regarding any other aspect of the attorney-client relationship. However, if a dispute should develop which is not promptly resolved in a mutually satisfactory manner, any such dispute will be subject to arbitration in Chicago, Illinois, pursuant to the Commercial Arbitration Rules of the American Arbitration Association then in effect.

Dissatisfied with SRZ's advocacy, Hasco and Sneddon filed suit on June 12, 1997, in the United States District Court for the Southern District of West Virginia. In the four-count complaint, Hasco and Sneddon asserted claims against SRZ for breach of fiduciary duties, professional negligence, breach of contract, and negligent and intentional infliction of emotional distress. Invoking the arbitration clause in the retention agreement, SRZ moved the district court to stay or dismiss the instant action pending arbitration. [1]

The district court denied SRZ's motion to stay or dismiss on October 21, 1997, holding that SRZ had waived its right to arbitration by suing Sneddon to recover fees for legal services associated with the organization of a limited partnership. SRZ's motion for reconsideration was denied on November 4, 1997, and SRZ timely appealed.

_____

[1] SRZ also filed a petition to compel arbitration in the United States District Court for the Northern District of Illinois. That court dismissed SRZ's petition on November 18, 1997, with prejudice but with leave to reinstate the petition within one year.

II

The Federal Arbitration Act ("FAA"), 9 U.S.C.§§ 1-16, commands the federal courts to stay judicial proceedings upon application of a party to a valid arbitration agreement, unless the applicant is in "default." 9 U.S.C. § 3. Emphasizing the existence of "a liberal federal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), we have explained that "[a]lthough this principle of `default' is akin to waiver, the circumstances giving rise to a statutory default are limited, and . . . are not to be lightly inferred." Maxum Founds., Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985). As a consequence, the party opposing arbitration bears a heavy burden of proving waiver. American Recovery Corp., 96 F.3d at 95; Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990).

Waiver of the right to compel arbitration may occur when a litigant "so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." Maxum Founds., 779 F.2d at 981. The dispositive inquiry is whether the party resisting arbitration has suffered actual prejudice. American Recovery Corp., 96 F.3d at 95; Fraser, 817 F.2d at 252. The actual prejudice required to support a finding of waiver "can be substantive prejudice to the legal position of the party opposing arbitration, . . . or the unnecessary delay or expense that results when an opponent delays invocation of its contractual right to arbitrate." Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir.) (internal quotation marks and citations omitted), cert. denied sub nom. Distajo v. Doctor's Assocs., Inc., 118 S. Ct. 365 (1997). We determine prejudice "contextually, by examining the extent of the delay, the degree of litigation that has preceded the invocation of arbitration, the resulting burdens and expenses, and the other surrounding circumstances." Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir. 1991).

At the threshold, Hasco and Sneddon argue that we are precluded from considering SRZ's challenge to the district court's finding of waiver because its arguments were not timely presented to the district court. SRZ first addressed the question of waiver in connection with the fee suit in its motion for reconsideration. Although the district court commented upon SRZ's late presentation, it considered and

4

rejected SRZ's arguments on their merits. SRZ is not precluded, therefore, from raising those arguments here.

We conclude that Hasco and Sneddon have not suffered actual prejudice as a consequence of the fee litigation. The case at bar and the fee suit present different legal issues arising out of SRZ's representation of Hasco and Sneddon in discrete legal matters, and have only a tenuous and immaterial factual connection. See Doctor's Assocs., 107 F.3d at 133 (holding that "only prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in a waiver of the right to arbitrate."); Gingiss Int'l, Inc. v. Bormet, 58 F.3d 328, 330-32 (7th Cir. 1995) (finding no waiver where disputes "involved different issues"). Hasco and Sneddon have not suffered any delay or duplicative expense in the instant suit as a consequence of SRZ's decision to litigate its claim for attorneys' fees. Although litigation of the fee suit may be more expensive than arbitration, the choice of forum in that case has no effect on the costs incurred by Hasco and Sneddon in pursuing their claims against SRZ.**2**

Furthermore, there is no evidence that SRZ's litigation of the legally distinct fee claim has prejudicially affected Hasco and Sneddon's legal position in the current action. We find no merit to the contention that Hasco and Sneddon have been prejudiced by SRZ's active participation in discovery in the fee litigation. Although the use of discovery devices not available in arbitration may result in prejudice where a party obtains through discovery a benefit not available in arbitration, see Maxum Founds., 779 F.2d at 982-83, Hasco and Sneddon have failed to show that SRZ's allegedly aggressive discovery tactics in the fee suit have accrued to its benefit in the case at bar. There is no evidence that SRZ has obtained information relevant to the current dispute but unobtainable in arbitration. We hold, therefore, that Hasco and Sneddon have failed to sustain their heavy burden of proving waiver.

_____

**2** Both parties, however, have been forced to endure significant expense and delay in the instant case because of Hasco's vehement opposition to arbitration. To the extent Hasco and Sneddon complain of expenses caused by SRZ's vigorous pursuit of the fee litigation, we note the absence of evidence that Sneddon has ever sought to arbitrate that dispute.

5

## III

Because the district court held that SRZ had waived its right to arbitration by initiating the fee collection suit, it did not expressly rule on Hasco and Sneddon's other objections to arbitration. The district court did remark, however, that several of the arguments in opposition to arbitration "appear[ed] meritorious," and later asserted that the "waiver argument was but one of th[e] grounds justifying a refusal to compel arbitration." In the interests of efficiency and economy, therefore, we have considered each of Hasco and Sneddon's objections to arbitration, see American Recovery Corp., 96 F.3d at 95 n.2 (holding that district court's failure to rule on legal issue of waiver was no bar to consideration of the question by this court), and conclude that they are without merit. Accordingly, we reverse the judgment of the district court and remand with instructions that Hasco and Sneddon's action against SRZ be stayed pending arbitration. **3**

REVERSED

_____

**3** Also outstanding is SRZ's motion for permission to correct several factual inaccuracies in its opening brief. Although we agree with SRZ that the errors are not material to the issues presented on appeal, we hereby grant the unopposed motion, and deem SRZ's brief corrected as set forth in the motion.