Cyril STONE, Plaintiff–Appellee,

v.

E.F. HUTTON & COMPANY, INC.,
Aaron Fleck, Barbara Lord,
Defendants–Appellants.

No. 89–3783
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 25, 1990.

Lee S. Damsker, Maney, Damsker & Arledge, P.A., Tampa, Fla., for defendants-appellants.

Michael C. Addison, Addison, Ketchey & Horan, Tampa, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, CLARK, Circuit Judge, and HENDERSON *, Senior Circuit Judge.

PER CURIAM:

 The district court's order denying appellants' motion to compel arbitration is AFFIRMED for the reasons set forth in its order, which appears in the appendix.

### APPENDIX

### ORDER

HODGES, District Judge.

Before the Court are Defendants' motions to refer this action to arbitration and to stay proceedings pending arbitration. The resolution of Defendants' motions turns on whether the Defendant, E.F. Hutton & Company ("Hutton"), has waived its right to arbitrate Plaintiff's claims.

The case involved alleged Federal and Florida securities law violations, as well as allegations of common law fraud, negligence, and breach of fiduciary obligations. The Defendants contend that the action should be referred to arbitration pursuant to 28 USC § 652(a)(1)(A) since the parties have previously consented to arbitration in an E.F. Hutton "customer's agreement" executed by the Plaintiff on April 8, 1976.[1]

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. Section 652(a)(1)(A) provides that a district court may "allow the referral to arbitration of

Paragraph seven of the agreement provides as follows:

> Any controversy arising out of or relating to my account, to transactions between us or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules, then in effect, of the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. as I may elect.

Count I of Plaintiff's complaint alleges, *inter alia*, a violation of section 10(b) of the Securities Exchange Act of 1934. Preclaim agreements to arbitrate claims brought under section 10(b) of the Securities Exchange Act of 1934 were not enforceable in the Eleventh Circuit prior to 1987. *See Wolfe v. E.F. Hutton & Company, Inc.*, 800 F.2d 1032 (11th Cir.1986). However, in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the Supreme Court held that such agreements were enforceable, but a party seeking to arbitrate a claim can waive its right to arbitrage. *See Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850 (11th Cir.1986).

■ A party may be deemed to have waived its right to arbitrate a dispute "when a party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 497 (5th Cir.1986). The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration. *Id.* at 498. However, "[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof." *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir.1982) (citations omitted). Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial*

any civil action ... pending before it if the parties consent to arbitration."

*Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983).

Plaintiff contends that the Defendant, Hutton, waived its right to arbitration by conducting discovery in preparation for trial and waiting more than two years after the Supreme Court's decision in *McMahon* before requesting that the case be referred to arbitration. Following an administrative closure, this case was reactivated by Order of the Court dated September 29, 1987, approximately four months after the *McMahon* decision was rendered.[2] According to Plaintiff's memorandum in opposition to Defendants' motions, Hutton deposed the Plaintiff on November 17, 1987, and on January 28, 1988, and also responded to a request for production of documents by Plaintiff in January, 1989. Plaintiff also states that as of the date of his response, Plaintiff had recently submitted to all Defendants a third and fourth set of interrogatories and a third request for production of documents, and that both Hutton and the Plaintiff had scheduled depositions of the parties to this action for the month of July, 1989. The Court further notes that the discovery completion date of August 1, pre-trial conference date of August 24, and trial date of September 4, 11, or 18, 1989, were set in its Order dated November 20, 1988. Yet Defendant's motion to refer this action to arbitration was not filed until June 14, 1989.

■ In *Benoay v. Prudential–Bache Securities, Inc.*, 805 F.2d 1437 (11th Cir. 1986), the court stated that mere participation in discovery does not cause prejudice sufficient to constitute a waiver where the request for arbitration was timely. In *Benoay*, the court held that since the request for arbitration was made only ten weeks after the right to seek arbitration had accrued, the request was timely and that no waiver had occurred.

■ The Plaintiff contends that since *McMahon* was decided on June 8, 1987, Hutton delayed over two years in request-

2. The Supreme Court's decision in *McMahon* was rendered on June 8, 1987.

ing that this case be referred to arbitration. However, this case was administratively closed at the time *McMahon* was decided and the Defendant could not have requested arbitration until the case was thereafter reactivated by Order of the Court. Even so, since the case was reactivated on September 29, 1987, and Hutton filed its motion to refer this action to arbitration on June 14, 1989, Hutton delayed over one year and eight months before seeking to enforce its arbitration agreement. The Court concludes that a one year and eight month delay renders Hutton's motion untimely.

During this period of time, Hutton engaged in discovery typical of a party preparing for trial. Significant prejudice to Plaintiff's legal position may be inferred from the extent of discovery conducted in this case. Since the Defendant's request for arbitration was untimely, the Defendant will be deemed to have waived its right to compel arbitration of the Plaintiff's claims pursuant to the arbitration provision in the customer's agreement.

Upon due consideration, therefore, Defendants' motions to compel arbitration of this action are DENIED.