In re Michael F. POWE, Debtor.

Michael F. Powe, Plaintiff,

v.

Chrysler Financial Corp., L.L.C., Defendant.

Bankruptcy Nos. 98–10935–MAM–13, 98–13377.
Adversary No. 99–1121.

United States Bankruptcy Court, S.D. Alabama.

Sept. 21, 2001.

Steve Olen, Donald J. Stewart, Mobile, AL, for the Debtors.

E. Barry Johnson, Birmingham, AL, for Chrysler Financial Corp., L.L.C.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO AMEND ANSWER

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of Chrysler Financial Corp., L.L.C. (CFC) to amend its answer. This suit brought by Michael F. Powe (debtor or plaintiff) is a class action for alleged violations of federal bankruptcy law. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the motion of CFC to amend its answer is granted as to the addition of the second, third and fourth affirmative defenses and denied as to the addition of the first affirmative defense.

FACTS

Plaintiff filed this adversary case on June 24, 1999. On November 19, 1999, CFC filed a motion to dismiss for lack of subject matter jurisdiction, to dismiss for lack of indispensable party, or in the alternative to dismiss based on comity. By order dated February 15, 2000, this Court denied the motions of CFC to dismiss.

Plaintiff requested CFC to produce all proofs of claim filed on CFC's behalf in which certain fees were included. CFC objected to plaintiff's request for production. On June 19, 2000, plaintiff filed a motion to compel production. A hearing was held on July 12, 2000, and this Court ordered CFC to either produce discovery for copying by the plaintiff at one location designated by the Defendant or produce discovery directly to the plaintiff. On June 19, 2000 CFC filed an amended response and objection to plaintiff's request for production. CFC again filed a motion to compel. Another hearing was held on July 24, 2000, and this Court ordered CFC to produce the proofs of claim to plaintiff.

On March 2, 2001, CFC filed a motion for summary judgment. On June 1, 2001, this Court denied CFC's motion for summary judgment and granted class certification. On July 27, 2001, this Court defined the certified class. This case has been actively litigated by both sides and has involved extensive discovery by both sides. Trial of this adversary proceeding is set to begin December 10, 2001.

On August 27, 2001, CFC filed a motion to amend its answer for the fifth time to

include four additional affirmative defenses. Plaintiff objected only to the first additional affirmative defense which stated: The Class Members' claims are barred for reason of binding predispute arbitration clauses that are contained in each of their Retail Installment Contracts that each had with CFC, which arbitration clauses CFC will seek to enforce through the home bankruptcy court of each Class Member's Chapter 13 case and/or seek to enforce through this Court to resolve the dispute that is made the subject of the claims of the Class Members against CFC in this Adversary Proceeding.

CFC asserts this defense pursuant to arbitration clauses that are contained in some of the underlying contracts CFC has with some of the class members. For purposes of this motion, the court is assuming Chrysler's counsel's statement that CFC's contract with the original named class representative, Mr. Powe, did not contain an arbitration clause is true.

## LAW

■■ The issue is whether CFC can assert its right to arbitration over two years after this adversary was filed and four months before the trial date. CFC contends that the defense was not available until after the class was certified and defined. Until then, CFC claims it could not have known that the class would include debtors whose contracts with CFC contained arbitration clauses. However, CFC has been aware that plaintiff was seeking a nationwide class that would potentially include all of the debtors listed on the proofs of claims CFC had been ordered to produce. Thousands of proofs of claims were produced. Attached to many of the proofs of claims as supporting documents were the contracts between CFC and each debtor. This Court does not have copies of those attachments, but many of the proofs of claims themselves state that the contract or supporting documents are attached. If some of CFC's contracts contain arbitration clauses, CFC should have been aware that some of the contracts CFC had with the debtors involved in this case would contain arbitration clauses. The information was ordered to be produced over a year ago and was under the control of CFC at all times. There is no surprise to CFC. This Court finds that the defendant has waived whatever right it may have had to arbitration by actively litigating this case for over two years prior to raising the issue of arbitration. The Court of Appeals for the District of Columbia Circuit explained that:

> [t]he right to arbitration, like any other contract right, can be waived. A party waives his right to arbitrate when he actively participates in a lawsuit or takes other action inconsistent with that right. Once having waived the right to arbitrate, that party is necessarily "in default in proceeding with such arbitration."

*Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C.Cir.1966) (per curiam) (citations omitted). The right to arbitration has been waived where the demand for arbitration comes long after the suit commenced and both parties have engaged in extensive discovery. *Wood v. Prudential Ins. Co. of America*, 207 F.3d 674 (3rd Cir.2000) see also *Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir.1995) ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party."). Here, CFC has engaged in extensive discovery and motion practice. CFC has attempted to dispose of the case by moving for dismissal and for summary judgment. CFC has actively

participated in the litigation of this case in this Court. "Substantially invoking the litigation machinery qualifies as the kind of prejudice to [plaintiff] that is the essence of waiver." *E.C. Ernst, Inc. v. Manhattan Const. Co. of Texas,* 559 F.2d 268 (5th Cir.1977); see also, *Stone v. E.F. Hutton & Co., Inc.,* 898 F.2d 1542, 1544 (11th Cir.1990) ("Significant prejudice to Plaintiff's legal position may be inferred from the extent of discovery conducted in this case."). Never has CFC revealed an intent to raise the issue of arbitration. CFC was aware or should have been aware that it may have had a right to arbitrate some of the claims. To allow CFC to raise its right to arbitrate now would prejudice the plaintiffs who have spent considerable time, effort and money litigating this matter. That effort includes extensive discovery concerning class members who CFC now wishes to exclude from the suit.

THEREFORE IT IS ORDERED that the motion of Chrysler Financial Corp., L.L.C. to amend its answer is DENIED as to the addition of the first affirmative defense and GRANTED as to the second, third, and fourth affirmative defenses.