[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2010
JOHN LEY
CLERK

No. 09-13556

_____

D. C. Docket No. 09-20770-MC-PAS

CITIBANK, N.A.,

Plaintiff-Appellant,

versus

STOK & ASSOCIATES, P.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2010)

Before BLACK, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Appellee Stok & Associates, P.A. ("Stok") filed suit in state court against

Appellant Citibank, N.A. ("Citibank"), alleging fraud in the inducement, breach of

contract, breach of fiduciary duty, constructive fraud, negligence, fraud, conversion, and civil theft. Citibank filed a petition in federal court to compel arbitration and stay the state court proceedings, pursuant to an arbitration clause that appears in the contract governing the parties' relationship. The district court denied the motion to compel arbitration, and this appeal followed. We reverse.

I.

Stok, a small Florida law firm, entered into a contract with Citibank to govern their banking relationship. The contract, drafted by Citibank, included an arbitration provision that provided, in relevant part: "[E]ither Citibank or [Stok] may elect to require any dispute between [them] concerning the aforementioned accounts or any other Bank deposit account or line of credit be resolved by binding arbitration."

On November 14, 2008, Stok deposited a client cashier's check, in the amount of $173,015.00. After Citibank accepted the check and made the funds available, it discovered that the check was counterfeit and restricted Stok's use of the funds. Stok alleged that this violated the parties' contract, and demanded return of the removed funds along with treble damages. Citibank did not return the funds or otherwise recognize Stok's demands.

On December 12, 2008, Stok sued Citibank in the Eleventh Judicial Circuit

for Miami-Dade County. On January 30, 2009, Citibank served its state court answer to the complaint, which made no reference to the arbitration provision. Stok then made four filings relevant to its case: on February 2, 2009, Stok served Citibank with an offer of judgment; on February 3, 2009, Stok made its first request for production of documents to Citibank; and, on February 5, 2009, Stok filed a reply to Citibank's answer, along with a notice of readiness for trial. On February 12, 2009, the state court set a June 1, 2009 trial date.

On February 23, 2009, Citibank sent Stok a letter electing arbitration. Stok rejected Citibank's election, and the next day Citibank filed a motion to compel arbitration in state court. On March 25, 2009, Citibank withdrew its state court motion, and filed a verified petition to compel arbitration with the U.S. District Court for the Southern District of Florida. On March 26, 2009, the state court stayed all discovery for sixty days, pending resolution of the federal court action, and removed the trial from its docket.

On May 27, 2009, the district court denied Citibank's petition to compel arbitration. After filing an unsuccessful motion for reconsideration, Citibank appealed. The issue on appeal is whether the district court erred when it concluded that Citibank had participated in the state court action in a manner that prejudiced Stok, thereby waiving its right to compel arbitration.

3

II.

We review *de novo* the district court's legal conclusion that a party has waived its contractual right to compel arbitration. Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1316 (11th Cir. 2002). We review for clear error the underlying factual basis for the district court's waiver determination. Id. at 1316 n.18.

When arbitration agreements are governed by the Federal Arbitration Act ("FAA"), as is the agreement in this case, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself *or an allegation of waiver*, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25, 103 S. Ct. 927, 941 (1983) (emphasis added).

III.

An agreement to arbitrate, "just like any other contract . . . , may be waived." Burton-Dixie Corp. v. Timothy McCarthy Constr. Co., 436 F.2d 405, 407 (5th Cir. 1971).[1] When determining whether a party has waived its right to arbitrate, this

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Court applies a two-part test: "First, we decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, we look to see whether, by doing so, that party 'has in some way prejudiced the other party.'" Ivax Corp., 286 F.3d at 1315–16 (quoting S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990)). "However, '[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.'" Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543 (11th Cir. 1990) (quoting Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir. 1982), overruled on other grounds by Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S. Ct. 1238 (1985)).[2]

## A.

The district court held that by filing an answer to Stok's complaint Citibank had acted inconsistently with its right to compel arbitration. To support this conclusion, the district court pointed to Citibank's conduct between January 30, 2009 (the date on which Citibank served its state court answer) and February 23, 2009 (the date on which Citibank purported to elect arbitration). Specifically, it noted that Stok had carried its evidentiary burden by demonstrating that (1) the

[2] In Stone, we issued a one sentence, per curiam opinion affirming the district court's judgment "for the reasons set forth in its order." Stone, 898 F.2d at 1542. Thus, the quoted statement is from the district court's order, which our opinion, in turn, endorsed.

answer Citibank had filed was silent as to arbitration and (2) Citibank had not sought arbitration until February 23, 2009—one month after serving its answer, two months after Stok had filed its complaint, and more than three months after Stok informed Citibank of its intention to "pursue formal action."

We have held that participating in litigation can satisfy the first prong of the waiver test "when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate." Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir. 1995); see also S&H Contractors, 906 F.2d at 1514 ("[A] party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate." (alterations and internal quotation marks omitted)). In other words, a party has acted inconsistently with its right to arbitrate where its conduct—including participation in litigation—manifests an intent to avoid or to waive arbitration. See Ivax Corp., 286 F.3d at 1319 & n.21, 1320. We assume, without deciding, that Citibank's participation in state court litigation was sufficiently substantial so as to "show[] that [Citibank] did not intend to avail [itself] of the arbitration provision." See Burton-Dixie Corp., 436 F.2d at 408. Accordingly, we turn to the second prong of the conjunctive, two-part waiver test.

6

B.

In order to demonstrate waiver, Stok must also establish that Citibank's participation in litigation—the inconsistent conduct—caused the law firm to suffer prejudice. See Ivax Corp., 286 F.3d at 1315–16. The district court identified the period between January 30, 2009 and February 23, 2009 as the relevant time span for its prejudice analysis. We agree. The district court then concluded that over the course of this twenty-four day period Stok was prejudiced for two reasons: (1) it had expended time and incurred expenses in preparing its state court filings and undertaking discovery tasks; and (2) the delay of even twenty-four days, along with the cancellation of the trial date, represented significant costs to Stok, which—particularly in light of the firm's small size—had a great interest in rapid resolution of the underlying dispute. However, after careful review of the record, and after having the benefit of oral argument, we conclude that Stok presented insufficient evidence to support this conclusion.

When the inconsistent conduct prong is satisfied by substantial participation in litigation, we evaluate the prejudice prong by "consider[ing] the length of delay in demanding arbitration and the expense incurred by [the] party [alleging prejudice] from participating in the litigation process." S&H Contractors, 906 F.2d at 1514. We might also consider the extent of "[t]he use of pre-trial discovery

procedures by a party seeking arbitration," to determine if the inconsistent conduct "sufficiently prejudice[d] the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration." Stone, 898 F.2d at 1543.

Citibank takes issue with the district court's conclusion that it induced Stok, a small firm, to dedicate "significant human resources" to research and discovery tasks particular to litigation. Stok is deserving of sympathy for its misfortune. However, when considered in light of our waiver jurisprudence, the record does not support the district court's finding.

Citibank concedes that Stok may have suffered some prejudice when it expended time and resources preparing and filing an offer of judgment, reply, and notice of readiness for trial in state court. However, courts have declined to find waiver in cases with similar or more extensive litigation activity. See, e.g., Hill v. Ricoh Ams. Corp., 603 F.3d 766, 772–76 (10th Cir. 2010); Patten Grading & Paving, Inc. v. Skanska USA Building, Inc., 380 F.3d 200, 206–07 (4th Cir. 2004); Walker v. Bradford, 938 F.2d 575, 576–78 (5th Cir. 1991).[3] Moreover, Stok has

---

[3] By comparison, in Stone v. E.F. Hutton & Co., 898 F.2d 1542 (11th Cir. 1990), we deemed the right to arbitrate waived where the party seeking arbitration had delayed a year and eight months and "[d]uring this period of time, . . . engaged in discovery typical of a party preparing for trial." Id. at 1544. The defendant, who sought arbitration, had twice deposed the plaintiff; it had responded to the plaintiff's request for production; the plaintiff had submitted interrogatories and additional requests for production; each side had scheduled depositions; and the trial court had scheduled a discovery completion date, a conference date, and potential trial dates. In light of all this pretrial activity, we held that "[s]ignificant prejudice to Plaintiff's legal position may be inferred from the extent of discovery conducted." Id.
    In S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507 (11th Cir. 1990), S&H had

8

done little to demonstrate the amount of expenses incurred as a result of Citibank's conduct. In fact, when asked directly at oral argument, Stok could not point to any portion of the record that reveals either the amount of money it spent or the number of hours it dedicated to conducting litigation-specific discovery and preparing litigation-specific documents.

Additionally, the brevity of Citibank's one-month delay in invoking its right to arbitrate further supports our prejudice determination. When little meaningful litigation has taken place, this Court has declined to find waiver from even longer delays. In Benoay v. Prudential-Bache Sec., Inc., 805 F.2d 1437 (11th Cir. 1986), for example, we held that a party had not waived its right to arbitrate when the "motion to compel arbitration was made approximately ten weeks after [its] right to arbitrate accrued" and "[n]o discovery took place during that period." Id. at 1440; cf. Morewitz, 62 F.3d at 1366 (finding prejudice where the party asserting waiver demonstrated that its adversary allowed, at a minimum, five years to pass—the time between the liability action and the enforcement action—before invoking its right to arbitrate); S&H Contractors, 906 F.2d at 1514 (same after

---

waited eight months before demanding arbitration. Id. at 1514. During that period, the opposing party, Taft, had filed a motion to dismiss and opposition to S&H's own motion for discovery. Id. S&H, meanwhile, had deposed five of Taft's employees (totaling approximately 430 pages) prior to demanding arbitration. Id. In light of these circumstances, we held that "as a matter of law, Taft was prejudiced by S&H's delay in demanding arbitration and by its invocation of the litigation process." Id.

9

eight month delay); <u>Stone</u>, 898 F.2d at 1544 (holding that a party had waived its right to arbitrate after a one year and eight month delay).

In light of the jurisprudence of this and other circuits, Stok did not carry its burden by demonstrating prejudice sufficient to warrant the district court's waiver determination.

IV.

For these reasons, the record does not support a finding that Citibank waived its right to arbitrate its dispute with Stok. Therefore, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.[4]

---

[4] Citibank requests that we instruct the district court to compel arbitration. However, the district court disposed of Citibank's petition solely on waiver grounds. In light of the fact that the district court is yet to rule on other issues relevant to the arbitrability of the underlying dispute—the validity of the arbitration clause and whether the claims raised by Stok fall within the clause's scope, for instance—we decline to issue the requested instruction. The better course is to leave these unresolved issues for the district court to evaluate in the first instance.