ROTHENBERG, J.
Stok & Associates, P.A. (“Stok”) appeals the trial court’s non-final order granting Citibank, N.A.’s (“Citibank”) motion for a stay of the state court proceedings pending resolution of the federal proceedings regarding Citibank’s motion to compel binding arbitration. Because we conclude that the order granting the stay is a non-final, non-appealable order, we treat Stok’s initial brief as a petition for writ of certio-rari, see Dep’t of Agric. & Consumer Servs. v. Patehen, 25 So.3d 1283 (Fla. 3d DCA 2010), and we deny the petition.
On December 12, 2008, Stok sued Citibank in state court. After answering the complaint and asserting an affirmative defense, Citibank moved to compel arbitration pursuant to the parties’ contract. Stok objected to the motion, contending that there is no agreement that requires the parties to arbitrate, and if such an agreement exists, Citibank has waived its right to enforce the agreement by participating in the litigation and answering the complaint. However, before the state court had an opportunity to rule on Citibank’s motion to compel arbitration, Citibank withdrew the motion and filed a motion to compel arbitration in the federal district court.
Citibank’s choice to pursue its motion to compel arbitration in federal court is obvious as there is a dramatic difference between the Florida Supreme Court’s and the state District Courts of Appeal’s jurisprudence regarding waiver of the right to compel arbitration, and that of the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit applies the following two-part test in determining whether a party has waived its right to arbitrate: (1) whether that party has acted *368 inconsistently with the arbitration right; and (2) whether that party in some way prejudiced the other party, see Ivax Corp. v. B. Braun of Am. Inc., 286 F.3d 1309, 1315-16 (11th Cir.2002). However, the Florida Supreme Court in Raymond James Financial Services, Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005), declined to follow the Eleventh Circuit, finding, instead, that a waiver occurs merely “by actually participating in a lawsuit or taking action inconsistent with that right.” In other words, Florida state courts do not require that prejudice be shown. See Estate of Williams v. Manor Care of Dunedin, Inc., 923 So.2d 615 (Fla. 2d DCA 2006); Mora v. Abraham Chevrolet-Tampa, Inc., 913 So.2d 32 (Fla. 2d DCA 2005).
After hearing Citibank’s motion to compel arbitration, the federal district court denied the motion and dismissed the federal action. The Eleventh Circuit Court of Appeals, however, reversed and remanded for further proceedings, finding insufficient evidence of prejudice. Citibank, N.A. v. Stok & Assocs., P.A., 387 Fed.Appx. 921 (11th Cir.2010). Upon remand, Stok filed a petition for a writ of certiorari in the United States Supreme Court,[1] obtained a stay in the federal district court, and subsequently obtained a stay in the state court action.
Although Stok has appealed the state trial court’s order granting Citibank’s motion for a stay, we have concluded that the order is a non-final, non-appealable order, and we treat the appeal as a petition for writ of certiorari.
Orders granting stays may be reviewed by certiorari, see Patchen, 25 So.3d at 1284 n. 1; Pilevsky v. Morgans Hotel Grp. Mgmt., LLC, 961 So.2d 1032, 1033 (Fla. 3d DCA 2007), and the standard of review is whether the “underlying order departs from the essential requirements of the law, resulting in a material injury that cannot be corrected on appeal.” Sorena v. Gerald J. Tobin, P.A., 47 So.3d 875, 877 (Fla. 3d DCA 2010). Because the state and federal courts share concurrent jurisdiction in this action, and the determination of the issue of arbitration in the federal action will dramatically impact the state court action, we cannot conclude that the state trial court departed from the essential requirements of law. Accordingly, we deny the petition.
Petition denied.

. Stole & Assocs., P.A. v. Citibank, N.A., — U.S. —, 131 S.Ct. 1556, 179 L.Ed.2d 299 (2011) (granting petition for writ of certiora-ri).